UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| NORTHWEST PIPE COMPANY, an Oregon corporation,<br><br>Plaintiff,<br><br>v.<br><br>THE PHOENIX INSURANCE COMPANY, a foreign insurer authorized by the Washington insurance commissioner, and TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA, a foreign insurer authorized by the Washington insurance commissioner,<br><br>Defendants. | Case No.: _____<br><br>**COMPLAINT FOR DECLARATORY RELIEF** |

Plaintiff Northwest Pipe Company ("Northwest Pipe"), for its Complaint for Declaratory Relief against defendants The Phoenix Insurance Company and Travelers Property Casualty Company of American (collectively, "Insurers" unless separately specified), alleges as follows:

**I.     PARTIES**

1.     Plaintiff Northwest Pipe is an Oregon corporation with its principal place of business in the State of Washington.

COMPLAINT FOR DECLARATORY RELIEF - 1
CASE NO.: _____

BUCHALTER
1420 FIFTH AVENUE, SUITE 3100
SEATTLE, WA 98101-1337
TELEPHONE: 206.319.7052

2. On information and belief, defendant The Phoenix Insurance Company ("Phoenix") is a company formed under the laws of the State of Connecticut with a principal place of business in the State of Connecticut, and which is authorized to transact business in Washington by the Washington insurance commissioner.

3. On information and belief, defendant Travelers Property Casualty Company of America ("Travelers") is a company formed under the laws of the State of Connecticut with a principal place of business in the State of Connecticut, and which is authorized to transact business in Washington by the Washington insurance commissioner.

4. The Insurers are members of the Travelers group of insurance companies.

## II.   VENUE AND JURISDICTION

5. Jurisdiction is properly before this Court pursuant to 28 U.S.C. § 1332 *et seq.*, because the amount in controversy exceeds the sum or value of $75,000 and is between citizens of different states.

6. The Court has jurisdiction over this declaratory judgment action pursuant to 28 U.S.C. § 2201 because there is an actual and justiciable controversy between the parties with respect to the scope and existence of insurance coverage under the insurance policies that Insurers issued to Northwest Pipe. A judicial determination and declaration of the parties' respective rights and obligations is necessary and appropriate at this time because Northwest Pipe currently has no adequate remedy at law that will resolve the current controversy.

7. Venue is proper in this Court pursuant to 28 U.S.C. § 1391, as this action involves a dispute over the scope and existence of insurance coverage afforded under policies written in and issued to an entity based in Washington, events giving rise to this claim

COMPLAINT FOR DECLARATORY RELIEF - 2
CASE NO.: _____

BUCHALTER
1420 FIFTH AVENUE, SUITE 3100
SEATTLE, WA 98101-1337
TELEPHONE: 206.319.7052

occurred in and/or were directed to this district, and because Insurers are subject to this Court's personal jurisdiction.

### III. FACTUAL BACKGROUND

8. This action involves a dispute concerning the scope and existence of coverage afforded by policies issued by Insurers to Northwest Pipe for an underlying action captioned *Minako America Corporation dba Minco Construction v. County of Los Angeles and Northwest Pipe Company*, Los Angeles County (California) Superior Court Case No. SC127326 (the "Minako Suit"). A true and correct copy of the First Amended Complaint for: (1) Breach of Contract; (2) Breach of Implied Warranty; (3) Breach of Subcontract; (4) Breach of Warranty; (5) Contractual Indemnity; (6) Equitable Indemnity; and (7) Negligence in the Minako Suit (the "FAC") is attached as Exhibit 1 to this Complaint.

9. The Minako Suit arose out of alleged construction defects at the public works improvement project commonly known as the Marina Del Rey 18-inch Water Line Replacement (the "Project").

10. As alleged in the FAC, the Project included the installation of 2,000 lineal feet of water mainline on Via Marina and 4,000 lineal feet of water mainline on Fiji Way, both in the City of Marina Del Rey.

11. Northwest Pipe subcontracted with Project general contractor Minako America Corporation dba Minco Construction ("Minako") to manufacture and supply "concrete steel pipes" to be used in the Project as water mainline.

12. Some or all of the concrete steel pipes manufactured and supplied by Northwest Pipe were in fact installed in the Project.

COMPLAINT FOR DECLARATORY RELIEF - 3
CASE NO.: _____

BUCHALTER
1420 FIFTH AVENUE, SUITE 3100
SEATTLE, WA 98101-1337
TELEPHONE: 206.319.7052

13. The FAC alleges that after the concrete steel pipes manufactured and supplied by Northwest Pipe were installed in the Project, portions of those concrete steel pipes developed cracks in their concrete linings.

14. The FAC alleges that due to the alleged cracks in the concrete linings of the concrete steel pipes manufactured and supplied by Northwest Pipe, those concrete steel pipes must be removed and replaced with concrete steel pipes without cracks in their concrete linings.

15. The FAC alleges that various forms of property damage to the Project resulted from the cracks in the concrete steel pipes manufactured and supplied by Northwest Pipe, including but not limited to significant Project delays, substantial Project cost increases, the necessary removal and eventual replacement of installed supplies and completed work surrounding those concrete steel pipes, and the inability to use the water system that incorporated those concrete steel pipes and the water contained within that system.

16. The Minako Suit seeks an award of damages against Northwest Pipe because of the various forms of property damage to the Project caused by Northwest Pipe's alleged negligence, contractual breaches, warranty breaches, and contractual and equitable indemnity obligations.

17. For at least the years 2013 through 2016, the Insurers insured Northwest Pipe under three consecutive general liability policies (collectively, the "Policies"). Specifically:

    a. from November 1, 2013 through November 1, 2014, Travelers insured Northwest Pipe under general liability policy number Y-660-226D0451-TIL-13;

COMPLAINT FOR DECLARATORY RELIEF - 4
CASE NO.: _____

BUCHALTER
1420 FIFTH AVENUE, SUITE 3100
SEATTLE, WA 98101-1337
TELEPHONE: 206.319.7052

b.   from November 1, 2014 through November 1, 2015, Travelers insured Northwest Pipe under general liability policy number Y-660-226D0451-TIL-14; and

c.   from November 1, 2015 through November 1, 2016, Phoenix insured Northwest Pipe under general liability policy number Y-660-226D0451-TIL-15.

18.   The Policies generally insure Northwest Pipe for and against third-party suits seeking an award of damages because of, among other things, "property damage" caused by an "occurrence," subject to certain conditions, exclusions and other policy provisions. True and correct copies of the Policies are attached as Exhibits 2, 3 & 4 to this Complaint.

19.   The Policies obligate the Insurers to defend and indemnify Northwest Pipe against third-party suits seeking covered damages.

20.   The Minako Suit seeks, among other things, an award of covered damages because of property damage caused by an occurrence, to which no exclusions or coverage limitations in the Policies apply. The Minako Suit therefore triggers Northwest Pipe's right to both a defense and indemnification under under the Policies. Thus, after the Minako Suit was filed, Northwest Pipe tendered that suit to Insurers for both a defense and indemnification.

21.   Insurers initially accepted Northwest Pipe's tender and agreed to defend Northwest Pipe against the Minako Suit pursuant to a reservation of the purported right to deny coverage for any damages ultimately awarded against Northwest Pipe in the Minako under various policy exclusions and limitations. A true and correct copy of Insurers' reservation of rights letter to Northwest Pipe is attached as Exhibit 5 to this Complaint. Insurers subsequently agreed to approve and appoint attorney Thomas Vincent of the law firm of Payne & Fears LLP as Northwest Pipe's defense counsel for the Minako Suit.

COMPLAINT FOR DECLARATORY RELIEF - 5
CASE NO.: _____

BUCHALTER
1420 FIFTH AVENUE, SUITE 3100
SEATTLE, WA 98101-1337
TELEPHONE: 206.319.7052

22. Northwest Pipe has continuously cooperated with Insurers throughout the defense of the Minako Suit.

23. During the course of the Minako Suit, Insurers have asserted that they have no duty to indemnify Northwest Pipe against any of its potential liability in the Minako Suit.

24. Washington law governs the substantive coverage issues in this action. Because Northwest Pipe believes and contends that under Washington law it is entitled to indemnification, including reasonable settlement funding, for the Minako Suit, Northwest Pipe now brings this declaratory judgment action seeking a judicial determination that one or both Insurers owe a duty to indemnify Northwest Pipe for the claims asserted in the Minako Suit, and thus fund any reasonable settlement that may come available during the course of that suit.

## IV.    CAUSE OF ACTION – DECLARATORY RELIEF

25. Northwest Pipe realleges and reincorporates by reference all allegations of paragraphs 1 through 24 of this Complaint as if set forth fully herein.

26. Insurers' refusal to acknowledge their duty to indemnify Northwest Pipe against the Minako Suit and their resulting refusal to accept Northwest Pipe's indemnification tender of that suit has created an actual controversy between Northwest Pipe and Insurers concerning their respective rights and obligations under the Policies.

27. Northwest Pipe seeks a judicial determination and declaration of Insurers' respective duties with respect to the indemnification of Northwest Pipe in the Minako Suit, and specifically requests that the Court declare that Insurers have owed and continue to owe a

COMPLAINT FOR DECLARATORY RELIEF - 6
CASE NO.: _____

BUCHALTER
1420 FIFTH AVENUE, SUITE 3100
SEATTLE, WA 98101-1337
TELEPHONE: 206.319.7052

duty to indemnify Northwest Pipe for any liability imposed upon or reasonable settlement reached by Northwest Pipe in that suit.

28. Upon prevailing upon this cause of action, Northwest Pipe will be entitled to recover its reasonable attorney fees incurred in this action pursuant to Washington's *Olympic Steamship* doctrine.

## V.     PRAYER FOR RELIEF

WHEREFORE, Northwest Pipe prays this Court to enter judgment in favor of Northwest Pipe and against Insurers and to issue a declaration settling the respective rights and obligations of the parties with respect to the Minako Suit, as follows:

A. Northwest Pipe is entitled to full coverage for the Minako Suit, including indemnification for any adverse judgment entered against Northwest Pipe or reasonable settlement reached by Northwest Pipe at the conclusion of that suit;

B. Awarding to Northwest Pipe its costs of suit;

C. Awarding to Northwest Pipe its reasonable attorney fees and litigation expenses for this action pursuant to Washington's *Olympic Steamship* doctrine; and

D. Awarding such other relief to which Northwest Pipe is entitled in law and equity.

COMPLAINT FOR DECLARATORY RELIEF - 7
CASE NO.: _____

BUCHALTER
1420 FIFTH AVENUE, SUITE 3100
SEATTLE, WA 98101-1337
TELEPHONE: 206.319.7052

Dated: September 2, 2021

BUCHALTER

By: /s/ *Bradley Hoff*
Bradley Hoff, WSBA # 23974
1420 Fifth Avenue, Suite 3100
Seattle, WA 98101-1337
T: 206.319.7052
E: bhoff@buchalter.com

By: /s/ *Ann Y. Gong*
Ann Y. Gong, WSBA #50864
1420 Fifth Avenue, Suite 3100
Seattle, WA 98101-1337
T: 206.319.7052
E: agong@buchalter.com

*Attorneys for Plaintiff*
NORTHWEST PIPE COMPANY

COMPLAINT FOR DECLARATORY RELIEF - 8
CASE NO.: _____

BUCHALTER
1420 Fifth Avenue, Suite 3100
Seattle, WA 98101-1337
Telephone: 206.319.7052